City of High Point v. Farlow

CITY OF HIGH POINT, Petitioner v. H. F. FARLOW and wife, PEARL E. FARLOW, Respondents

No. 7518SC592

(Filed 7 January 1976)

**Eminent Domain § 7— condemnation resolution — interest to be taken — ambiguity**

　　Trial court erred in entering partial summary judgment and ordering the matter submitted to a jury for ascertainment of damages for the taking of a fee where the resolution of petitioner was ambiguous as to whether the petitioner was taking an easement or a fee in this proceeding.

APPEAL by plaintiff from *Chess, Judge.* Judgment entered 30 May 1975 in Superior Court, GUILFORD County. Heard in the Court of Appeals 22 October 1975.

Pursuant to Chapter 1032 of the 1959 Session Laws, the City Council of the City of High Point adopted a resolution on 19 April 1973 for the condemnation of property owned by the defendants. A second resolution was adopted on 30 April 1973 which provided for the "immediate condemnation" of 1541 square feet of defendants' land for use in the Brentwood Conductor line." The preamble of the resolution stated that the public interest required an easement in the land but the remainder of the resolution simply refers to the "land." An easement is nowhere mentioned again.

Appraisers were duly appointed and recommended a reasonable value of $600 for the interest. Defendants excepted to the report and appealed to Superior Court on 25 September 1973. On 4 October 1973 the City Council adopted a "final resolution providing for the condemnation of easement in land." Defendants filed another exception and appealed to Superior Court on 23 October 1973. The City Clerk certified the case on appeal to the Superior Court. No further action was had until 7 May 1975 when defendants moved for partial summary judgment decreeing that the taking was of a fee in the land, not of a mere easement. In support, they offered a City Council resolution in a previous, unrelated condemnation of an easement. This earlier resolution used the term easement throughout. The court entered partial summary judgment and ordered the matter to be submitted to a jury for the ascertainment of damages for the taking of a fee. Petitioner appeals from this judgment.

*City Attorney Knox Walker for petitioner appellant.*

*Schoch, Schoch, Schoch and Schoch by Arch K. Schoch for respondent appellees.*

CLARK, Judge.

In oral argument before this Court is was stipulated by counsel that the purpose of the taking was for an overhead transmission line, referred to in the resolution of petitioner as "Brentwood Conductor lines." But this does not relieve the necessity for a declaration of whether the petitioner is taking an easement or a fee in this proceeding. The statute under which this condemnation is brought (Chapter 1032, Session Laws of 1959) requires that the condemnation resolution include the interest to be taken and purpose of the taking.

The resolution is ambiguous, once referring to an "easement" and otherwise referring to "land." In *Knukle v. S. C. Elec. & Gas Co.,* 251 S.C. 138, 161 S.E. 2d 163 (1968), a condemnation of "land" was held to be of an easement because that was all that was needed for a public purpose.

The judgment is reversed and this cause is remanded to the Superior Court of Guilford County with direction that it remand to petitioner for adoption of a resolution in compliance with Chapter 1032, Session Laws of 1959, stating clearly the public purpose for the taking and the interest sought to be taken.

Reversed and remanded.

Chief Judge BROCK and Judge HEDRICK concur.